986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Maurice Fitzgerald ALEXANDER, Defendant-Appellant.
 No. 92-5186.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1993.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Maurice Fitzgerald Alexander was convicted by a jury for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to a total of 138 months imprisonment. He alleges as issues: (1) ineffective assistance of counsel, in violation of the Sixth Amendment of the Constitution; (2) sufficiency of the evidence; and (3) failure to credit him at sentencing with acceptance of responsibility. For the following reasons, we AFFIRM defendant's conviction and sentence.
 
 
 2
 Memphis Police Department Organized Crime Unit officers executed a search warrant at the apartment of defendant's girlfriend, Fannie Anderson. Upon arrival, the officers met Anderson and her two children. The officers found defendant asleep in an upstairs bedroom.
 
 
 3
 In the upstairs bedroom, the officers found a plate containing cocaine residue underneath a dresser and additional crack cocaine and marijuana in the dresser drawer. In the bedroom closet located directly behind the dresser, the officers recovered: (1) approximately three grams of cocaine powder; (2) four small bags of marijuana; (3) a loaded .38 automatic pistol; (4) $400.00 cash; (5) a .22 caliber loaded pistol inside a cowboy boot; and (6) other drug paraphernalia. In a downstairs closet, the officers discovered cutting agents and digital scales often used in relation to illegal drug activities.
 
 
 4
 After arrest and being advised of his Miranda rights, defendant gave a signed statement that the crack cocaine and marijuana found inside the apartment belonged to him for purposes of resale. Further, defendant admitted that the money and firearms belonged to him.
 
 
 5
 After trial, defendant filed motions for reversal of conviction and substitution of counsel. The district court denied the motion for reversal and refused to make a finding of ineffective assistance of counsel. However, the court granted defendant's motion to substitute counsel, and new counsel was appointed for purposes of sentencing and appeal. At sentencing, the court denied defendant's motion for an acceptance of responsibility sentence credit.
 
 I. Ineffective Assistance of Counsel
 
 6
 Generally, this court will not review an ineffective assistance of counsel claim raised for the first time on appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). This court will consider this type of claim on direct appeal of a criminal conviction only when "the record is adequate to assess the merits of the defendant's allegations." Id.; see United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). The trial record offered minimal assistance in making this determination, and there is incomplete evidence that counsel's conduct fell outside the bounds of reasonable professional judgment. See Strickland v. Washington, 466 U.S. 668, 689 (1984). For instance, defendant alleges his counsel conceded guilt on Count I (possession of cocaine base with intent to deliver) of the indictment, failed to call material witnesses, failed to cross examine government witnesses and failed to filed a motion for a new trial. However, this allegation was raised first by substitute counsel in an untimely motion for a new trial, so the district court did not have an opportunity to pass on the issue of ineffectiveness of counsel. Thus, as collateral review would be more appropriate, this court declines to address defendant's ineffective assistance of counsel claim.
 
 II. Sufficiency of the Evidence
 
 7
 Defendant raised the sufficiency of the evidence issue at trial when the court denied his motion for judgment of acquittal. Although he asserts the evidence was insufficient to sustain his conviction, his argument is focused on his conviction only on Count II, the firearms charge. Actual possession or use of a firearm is not necessary to establish a § 924(c) violation. United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989). If the defendant has actual or constructive possession of a firearm for the purpose of protecting drugs or otherwise facilitating a drug transaction, the firearm is "used" during and in relation to the commission of the offense. United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989).
 
 
 8
 Defendant admitted in his statement that he was the owner of the drugs, money and firearms discovered during the search of Anderson's apartment. The drugs and loaded firearms were found in the bedroom closet in close proximity to where defendant was discovered sleeping. Furthermore, defendant admitted his intent to distribute the cocaine. Thus, viewing the totality of the circumstances, a jury could have reasonably found that defendant carried and used the firearms during and in relation to the facilitation of drug transactions. See United States v. Pearce, 912 F.2d 159 (6th Cir.1990), cert. denied, 111 S.Ct. 978 (1991).
 
 III. Acceptance of Responsibility
 
 9
 At sentencing, a defendant is entitled to a two-level reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. Conviction by trial does not automatically preclude the reduction. However, a defendant must show that he has accepted responsibility for the crime committed and express remorse for his actions. Id.; United States v. Hodges, 935 F.2d 766, 774 (6th Cir.), cert. denied, 112 S.Ct. 251 (1991). A district court's determination of whether a defendant has accepted responsibility is reviewed using a clearly erroneous standard. Id. As the sentencing judge is in the best position to evaluate the defendant's acceptance of responsibility, the judge's determination is entitled to great deference on review. U.S.S.G. § 3E1.1, comment (n. 5).
 
 
 10
 Although defendant initially admitted to possession of the drugs, money and firearms, he repeatedly denied at trial that he carried and used the firearms in relation to a drug transaction. At sentencing, defendant blamed his appointed counsel for his conviction, especially on the § 924(c) charge. As a result, the sentencing judge concluded that defendant had not accepted responsibility for his crime as he was challenging the whole trial proceeding and "immediately started unloading on [counsel] and blamed [his conviction] on him...." It is difficult to determine the level of defendant's acceptance of responsibility because he did not testify at trial, thereby making the signed statement the only evidence of his acceptance. Moreover, defendant alleges that his counsel was ineffective in admitting to the jury his complicity in the drug charge, which position is contrary to accepting responsibility for his conduct. Thus, the district court was not clearly erroneous in not finding an acceptance of responsibility by the defendant.
 
 IV.
 
 11
 For the foregoing reasons, we AFFIRM the judgment of the district court.