103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice Fitzgerald ALEXANDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6532.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Maurice Fitzgerald Alexander, a federal prisoner proceeding pro se, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Alexander in August 1991 of possessing cocaine with the intent to distribute, and using or carrying a firearm during and in relation to a drug trafficking crime. He was sentenced on November 27, 1991, to 78 months in prison on the drug count and 60 months (consecutive) on the firearm count, for a total of 138 months in prison followed by four years of supervised release. A panel of this court affirmed Alexander's conviction and sentence in United States v. Alexander, No. 92-5186, 1993 WL 53252 (6th Cir. March 1, 1993) (per curiam).
 
 
 3
 In his present motion to vacate, Alexander raised three grounds for relief: (1) police officers violated the "knock and announce" rule when executing the search warrant; (2) counsel rendered ineffective assistance; and (3) he was subjected to double jeopardy through the forfeiture of his cash in addition to his criminal prosecution. The district court summarily denied Alexander's motion in an order filed on May 26, 1995. A separate judgment was entered on May 31, 1995. Alexander's motion for an extension of time in which to file a motion for reconsideration was denied in an order filed on October 17 and entered on October 18, 1995.
 
 
 4
 On appeal, Alexander expressly abandons the issues presented to the district court and, instead, raises the issue of sufficiency of the evidence to sustain his conviction for using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Additionally, he has filed a motion to remand his case to the district court for consideration of this issue.
 
 
 5
 Upon review, we affirm the district court's judgment as to the issues originally raised in Alexander's motion to vacate. We vacate the judgment, however, insofar as it dismisses the motion in its entirety and remand the case so that the district court may consider Alexander's § 924(c)(1) issue in the first instance.
 
 
 6
 Alexander has expressly waived the issues raised in his motion to vacate as presented to the district court. Therefore, they are considered to be abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 In abandoning his other issues, Alexander has chosen to concentrate on a new challenge to his conviction for using or carrying a firearm during and in relation to a drug trafficking offense. Issues not litigated in the trial court are generally inappropriate for appellate consideration in the first instance. Friendly Farms v. Reliance Ins. Co., 79 F.3d 541, 544 (6th Cir.1996). However, there are exceptions to this rule. One of these is where failure to take up the issue for the first time on appeal will result in a miscarriage of justice or a denial of substantial justice. Id. at 544-45.
 
 
 8
 We conclude that failure to take up the issue now advanced on appeal may result in a miscarriage of justice. Alexander unsuccessfully challenged his conviction under § 924(c)(1) on direct appeal. It is well-settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases). However, in the time since Alexander filed his notice of appeal in this case, the Supreme Court effected just such an intervening change in the law interpreting § 924(c)(1). At the time of Alexander's conviction and direct appeal, this circuit employed a broad "proximity and accessibility" standard to analyze convictions under § 924(c)(1). See, e.g., United States v. Critton, 43 F.3d 1089, 1096 (6th Cir.), cert. denied, 115 S.Ct. 1987 and 2004 (1995); United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994). However, the Supreme Court recently issued its opinion in Bailey v. United States, 116 S.Ct. 501 (1995), which "endorsed a narrower definition of 'use' of a firearm than this circuit had previously applied." United States v. Moore, 76 F.3d 111, 112 (6th Cir.1996) (opinion on rehearing). Moreover, in light of Bailey, this court also revised its definition of "carry" as used in § 924(c)(1). Id. at 113.
 
 
 9
 In addition, Congress restricted a prisoner's ability to file a second motion to vacate under § 2255 and altered the standard of review. See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996). For these reasons, and in the interest of judicial economy, we remand Alexander's case to the district court for consideration of this issue instead of requiring Alexander to attempt to file a new motion to vacate.
 
 
 10
 Accordingly, Alexander is granted leave to proceed in forma pauperis on appeal. The district court's judgment is affirmed insofar as it disposes of the issues raised in the district court. The judgment is vacated insofar as it dismisses Alexander's § 2255 motion in its entirety and the case is remanded for the district court to consider, in the first instance, whether Alexander's conviction under 18 U.S.C. § 924(c)(1) is supported by sufficient evidence. Rule 9(b)(3), Rules of the Sixth Circuit. Alexander's motion to remand is denied as moot.