52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James W. SINES, Defendant-Appellant.
 No. 95-3003.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1995.
 
 Before: JONES, NELSON and RONEY*, Circuit Judges.
 
 ORDER
 
 1
 James W. Sines appeals his judgment of conviction and sentence after a jury found him guilty of endeavoring to impede federal officers acting in their official capacity in violation of 26 U.S.C. Sec. 7212(a). The district court sentenced Sines to eight months of imprisonment and imposed a $25 special assessment and a $1,000 fine. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Sines's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Sines has responded to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that the district court had jurisdiction over Sines's crime. 18 U.S.C. Sec. 3231. We also conclude that sufficient evidence exists to support Sines's conviction. After viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the government, the evidence is sufficient to justify a reasonable juror to conclude beyond a reasonable doubt that Sines violated 26 U.S.C. Sec. 7212(a). See United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994). The indictment in this case sufficiently sets forth each element of the statutory violation in order to inform Sines of the offense against which he was required to defend. See Fed.R.Crim.P. 7(c)(1); United States v. Salisbury, 983 F.2d 1369, 1373 (6th Cir.1993). Lastly, we conclude that the district court's determination to increase Sine's total offense level under the Sentencing Guidelines by three levels pursuant to USSG Sec. 2A2.4(b) was not clearly erroneous. United States v. Watkins, 994 F.2d 1192, 1195 (6th Cir.1993). The district court could properly rely upon acquitted conduct. United States v. Milton, 27 F.3d 203, 208-09 (6th Cir.1994), cert. denied, 115 S.Ct. 741 (1995).
 
 
 4
 Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment of conviction and sentence. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul H. Roney, Circuit Judge, United States Court of Appeals for the Eleventh Circuit