56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter George BROWN, Defendant-Appellant.
 No. 94-3682.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 Before: MARTIN and RYAN, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 A jury convicted Peter George Brown of various drug-related offenses. On appeal, he claims that his counsel's failure to renew his motion for judgment of acquittal as to every count of the indictment constituted ineffective assistance of counsel in violation of the Sixth Amendment. He also contends that the district court erred in refusing to grant his motion for judgment of acquittal, both at the close of the prosecution's case-in-chief and at the close of all of the evidence, as the evidence was insufficient to sustain his conviction. We reject Brown's ineffective assistance claim and affirm the judgment of the district court.
 
 
 2
 On September 13, 1989, Herbert Grayson, a cooperating witness for the Columbus, Ohio police department, went to 1245 Fair Avenue to purchase drugs. With money supplied by the police department, he bought twenty-five dollars worth of crack cocaine from a person he described as five feet, eight inches tall and one-hundred fifty pounds, with a Haitian or Jamaican accent and a light complexion. Three persons were present during the transaction, and Grayson observed three pistols and three plates containing crack. Grayson later identified Brown as the seller.
 
 
 3
 At approximately 9:30 p.m. on September 14, Grayson entered the Fair Avenue house to make another controlled purchase, and he again bought crack from the same individual. This time, however, Grayson estimated that the individual was five feet, seven inches tall. Grayson claimed that three persons were present in the house and that he saw two firearms.
 
 
 4
 At 10:08 p.m., Columbus police officers raided the Fair Avenue house. As they entered the house, they saw two people exiting through a dining room window located in the rear of the house. In the dining room they discovered a broken plate and 25.49 grams of crack on the floor. They also found a firearm on the floor between the kitchen and the dining room, and a second firearm under the kitchen table. An additional 41.18 grams of crack were discovered on the kitchen table, along with a stack of money.
 
 
 5
 Brown and Leighton Anderson were caught outside the house. A police officer identified Brown as the second person to exit through the dining room window. Several other individuals were also detained in conjunction with the raid, but they were later released. None of the money found inside the house or recovered from Brown and Anderson matched the recorded money that Grayson had used to purchase the drugs. Those funds were never recovered.
 
 
 6
 When asked why they were at the Fair Avenue address, Anderson stated that he came to visit a Michael Barnett, and Brown claimed that he was there to see someone he knew only as Mike. Brown had no weapons, bullets, drugs, or drug paraphernalia on his person. After securing the premises, police began their investigation inside the house. Two of the three plates found on the kitchen table contained crack. Brown's fingerprints were on one of those plates. No fingerprints of value were detected on the two weapons or ammunition.
 
 
 7
 On October 19, 1989, a federal grand jury returned a four-count indictment charging Brown with: conspiring to maintain a place to distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 856; distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1); possessing with the intent to distribute approximately 67.50 grams of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. Sec. 2; and using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). The indictment also charged Anderson with counts one, three, and four.
 
 
 8
 The case proceeded to trial on January 11, 1990. At the close of the government's case-in-chief, Brown moved for judgment of acquittal under Fed. R. Crim. P. 29, with respect to each count in the indictment. However, his counsel elected only to argue the conspiracy charge. The district court denied his motion. At the close of the evidence, Brown's counsel renewed his motion for judgment of acquittal with respect to the conspiracy charge only. Again, the court denied the motion. The jury convicted Brown on all counts.
 
 
 9
 On May 10, Brown was sentenced to a fifteen-year term of imprisonment. He did not file a timely appeal, and his motion for leave to file a delayed appeal was denied. Anderson was initially sentenced to a fifteen-year, one-month term of imprisonment, but his conviction was subsequently overturned for insufficient evidence. On February 11, 1991, the United States moved the district court to reduce Brown's sentence, based upon substantial assistance. The court granted the motion on August 6, and a six-year sentence was imposed.
 
 
 10
 On December 4, 1992, Brown filed a Petition for Habeas Corpus, alleging that his trial counsel was ineffective for failing to file a timely appeal. The district court granted Brown's petition on March 22, 1994, and ordered that Brown be resentenced. On June 17, Brown was again re-sentenced to a six-year term of imprisonment. This timely appeal followed.
 
 
 11
 In essence, Brown is using an ineffective assistance claim as a vehicle to challenge the sufficiency of the evidence as to all four counts of the indictment. He contends that his attorney's failure to renew his motion for judgment of acquittal with regard to three counts of the indictment constituted ineffective assistance. This claim appears to be an effort to avoid the "plain error" standard of review that otherwise controls as to the unrenewed counts; Brown acknowledges that absent a finding that his trial counsel was ineffective, this Court's review of the sufficiency of the evidence is limited to a determination of "whether a manifest miscarriage of justice has occurred." United States v. Rigsby, 943 F.2d 631, 644 (6th Cir. 1991), cert. denied, 112 S. Ct. 1279 (1992).
 
 
 12
 In Strickland v. Washington, 466 U.S. 668 (1984), the supreme court articulated the guidelines for judging ineffective assistance of counsel claims. To succeed on such a claim, a defendant must ordinarily prove: " that counsel's performance was deficient; and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir. 1984). To establish prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 13
 Even if Brown could establish that his counsel was deficient in failing to renew his motion for judgment of acquittal on every count of the indictment, he cannot show that he was prejudiced by this deficiency. Brown has failed to show a reasonable probability that had his counsel renewed his motion for judgment of acquittal as to all four counts of the indictment, the motion would have been granted on the basis of insufficient evidence. United States v. Rosalez-Orosco, 8 F.3d 198, 200 (5th Cir. 1993) (citations omitted). Therefore, even applying the general Rule 29 standard, rather than the stricter "plain error" standard, "it appears that a rational trier of fact could have found the essential elements of the crime(s) beyond a reasonable doubt." Jackson v. Virginia, 433 U.S. 307, 309 (1979). Accordingly, we deny Brown's ineffective assistance of counsel claim.
 
 
 14
 In addressing sufficiency of the evidence questions, this Court has long declined to weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir. 1989). Instead, we look only to whether, after reviewing "the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Bedlow, 957 F.2d 1330, 1334 (6th Cir. 1992) (citing Jackson v. Virginia, 443 U.S. 307, 309 (1979)). Even "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not 'remove every reasonable hypothesis except that of guilt."' United States v. Ellzey, 874 F.2d 324, 328 (6th Cir. 1989) (quoting United States v. Stone, 748 F.2d 361, 363 (6th Cir. 1984)).
 
 
 15
 Brown argues that the district court erred in overruling his motion for judgment of acquittal as to the conspiracy charge. He contends that the prosecution offered no proof that he agreed or intended to conspire. He highlights Anderson's testimony that he had neither seen nor spoken to Brown before the night of the raid, as well as the testimony of another person present at 1245 Fair Avenue prior to the raid, who saw no indication that Brown and Anderson knew one another. Brown also claims that the United States presented no evidence to connect him to the property and emphasizes that no recorded money, drugs, drug paraphernalia, or weapons were recovered from him. Finally, he stresses that Anderson was acquitted.
 
 
 16
 The United States emphasizes different evidence to support its argument that there was sufficient evidence to sustain Brown's conspiracy conviction. According to the United States, the record indicates that Brown agreed with at least one of three persons to sell crack from 1245 Fair Avenue; he was responsible for the 67.50 grams of crack recovered; he sold drugs to a confidential informant on September 13 and September 14; and he was responsible for at least one of the weapons recovered from the residence.
 
 
 17
 In order to obtain a conviction under 21 U.S.C. Sec. 846, "the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." United States v. Pearce, 912 F.2d 159, 161 (6th Cir. 1990) (quoting United States v. Stanley, 765 F.2d 1224, 1237 (5th Cir. 1985)), cert. denied, 498 U.S. 1093 (1991). While proof that Brown and someone else formally agreed to possess cocaine with the intent to distribute, United States v. Barrett, 933 F.2d 355, 359 (6th Cir. 1991), or proof that every member of the conspiracy actively participated in each phase of the conspiracy, United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir. 1991) is unnecessary, the United States must present "sufficient evidence to establish [each defendant's] connection [to the conspiracy] beyond a reasonable doubt." United States v. Christian, 786 F.2d 203, 211 (6th Cir. 1986) (quoting United States v. Batimana, 633 F.2d 1366 (9th Cir.), cert. denied, 449 U.S. 1038 (1980)). In this case, it is clear that the United States met this burden with respect to Brown.
 
 
 18
 Brown also argues that the evidence was insufficient to sustain his conviction for the distribution and possession with intent to distribute counts. However, many of the same facts that made the evidence sufficient to sustain Brown's conviction on the conspiracy charge also make it sufficient to sustain his conviction on the distribution and possession with intent to distribute counts. Matters of credibility such as those at issue here are for the jury to decide.
 
 
 19
 Finally, Brown argues that there was insufficient evidence to support his conviction of violating 18 U.S.C. Sec. 924(c). This Court has held that the terms "used" or "carried" in Section 924 should be construed broadly. United States v. Acosta-Cazares, 878 F.2d 945, 953 (6th Cir.) cert. denied, 493 U.S. 899 (1989). At a minimum, however, the offense requires proof of some relationship between the weapon and the underlying offense which shows that the weapon at least facilitated the offense. United States v. Brown, 915 F.2d 219, 224 (6th Cir. 1990). Brown claims that the necessary nexus linking him to the weapons is absent in this case, stressing that there was not testimony that he either knew the guns were present or previously possessed them. However, Grayson testified that he saw three weapons present when he purchased cocaine from Brown on September 13, and two weapons present when he purchased cocaine from Brown on September 14. Given that no proof that a firearm was physically carried or used is required. United States v. Wilson, 27 F.3d 1126 (6th Cir.), cert. denied, 115 S. Ct. 452 (1994), we find that the evidence was sufficient to sustain Brown's conviction under Section 924(c).
 
 
 20
 For the foregoing reasons, we reject Brown's ineffective assistance of counsel claim and affirm the judgment of the district court.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation