70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary McDOWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5514.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1995.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Gary McDowell appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, McDowell pleaded guilty to one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and one count of carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). The district court sentenced McDowell to 211 months of imprisonment and five years of supervised release. On appeal, this court affirmed McDowell's conviction and sentence. United States v. McDowell, No. 93-5960 (6th Cir. April 5, 1994) (unpublished per curiam), cert. denied, 115 S.Ct. 173 (1994).
 
 
 3
 McDowell subsequently filed a motion to vacate sentence, alleging that: (1) the district court improperly calculated his criminal history category under the Sentencing Guidelines; (2) he did not knowingly and voluntarily enter his guilty plea; (3) he received ineffective assistance of counsel because counsel did not raise the previous two issues; and (4) the disparate sentencing provisions for cocaine and cocaine base under the Guidelines are unconstitutional. The district court concluded that his claims were without merit and denied the motion. McDowell has filed a timely appeal, in which he requests permission to proceed in forma pauperis.
 
 
 4
 Upon review, we conclude that the district court properly denied McDowell's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under Sec. 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 5
 Initially, we note that McDowell is barred from seeking relief on his claims because he did not raise them in his direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under Sec. 2255 unless McDowell demonstrates cause and actual prejudice to excuse his failure to raise them previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). While ineffective assistance of counsel claims are generally not cognizable on direct appeal, McDowell could have raised his ineffective assistance claim at that time because the record was adequate to permit review of the claim. See United States v. Wilson, 27 F.3d 1126, 1133 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994). Therefore, this claim is also subject to the cause and prejudice analysis. McDowell has not shown cause for failing to raise these issues on direct appeal. Further, he suffered no prejudice because his claims are without merit.
 
 
 6
 The district court properly determined that the challenged convictions under McDowell's criminal history category were not related and awarded separate points for each conviction. See United States v. McAdams, 25 F.3d 370, 372-76 (6th Cir.), cert. denied, 115 S.Ct. 342 (1994). The district court also carefully determined that a sufficient factual basis existed for McDowell's conviction on the firearm charge and that he understood the charge. See generally Brady v. United States, 397 U.S. 742, 749 (1970). McDowell has not established that he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Lastly, McDowell has waived consideration of his argument that the disparate penalties for cocaine and cocaine base are unconstitutional because he did not raise this argument on direct appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Accordingly, we grant McDowell in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 ENTERED BY ORDER OF THE COURT