79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Norman FREEMAN, Defendant-Appellant.
 No. 95-5608.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 Before: KEITH, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Norman Freeman, a federal prisoner, appeals his conviction and sentence for possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 3, 1994, a jury found Freeman guilty of the three counts described above. He was sentenced on April 10, 1995, to 270 months in prison on counts 1 and 3 (concurrent) and 60 months on count 2 (consecutive), for a total of 330 months, followed by five years of supervised release.
 
 
 3
 Freeman's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Freeman had no meritorious issues to appeal, he raised the general issues of whether Freeman received due process at his trial and whether his sentence was legal under the Sentencing Guidelines. Freeman filed a pro se supplemental brief, principally arguing that there was insufficient evidence to support his conviction for using a firearm during a drug trafficking crime. He also raised issues regarding illegal search and seizure, insufficient evidence to convict on count 1 based upon codefendant Eddie Timmons's confession of ownership of the drugs, and ineffective assistance of counsel for failing to communicate and failing to investigate the whereabouts of the $5,883 seized from the car and residence. After the Supreme Court issued its opinion in Bailey v. United States, 116 S.Ct. 501 (1995), both parties were directed to file a supplemental brief addressing any impact Bailey might have on this appeal. Defense counsel responded with a disappointing half-page submission attempting to distinguish Bailey on its facts and concluding that Bailey is inapplicable to Freeman's case. The government, however, concedes Bailey's applicability to the facts of this case and requests a remand to the district court for dismissal of count 2 and resentencing on the remaining counts.
 
 
 4
 Upon review, we permit counsel to withdraw because he originally filed an acceptable Anders brief submitting, after a review of the entire record, that there were no worthwhile issues to raise in this appeal under existing case law. Although we disagree with the conclusion reached by counsel in his supplemental brief, we will grant counsel's motion because it appears that Freeman would not benefit from his continued representation. We affirm the district court's judgment as to Freeman's conviction on counts 1 and 3 of the indictment. However, we vacate Freeman's conviction on count 2, using or carrying a firearm in relation to a drug trafficking crime, in light of the new Supreme Court precedent announced in Bailey, and remand for further proceedings in accordance with this order.
 
 
 5
 As a general rule, this court will not consider a claim of ineffective assistance of counsel on direct appeal because there has not been an opportunity to develop a record bearing on the merits of the allegation. United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 158 (1993). Instead, the preferable route for raising an ineffective assistance of counsel claim is in a motion to vacate under 28 U.S.C. § 2255, which allows the parties to develop an adequate record on the issue. United States v. Vincent, 20 F.3d 229, 237-38 (6th Cir.1994). There are no exceptional circumstances in this case which would warrant a departure from this general rule.
 
 
 6
 We have reviewed the transcripts in this case and conclude that no reversible error exists with the exception discussed below. The search of the residence was conducted pursuant to a valid search warrant. After drugs, paraphernalia, ammunition, and documents with Freeman's name were found in the residence during execution of the warrant, police continued to observe the house until Freeman returned. His actions in attempting to flee in his car and bending down to the floorboard as officers approached led to a search of the car's passenger compartment where a .38 caliber semiautomatic pistol was found. Subsequently, a 9 millimeter semiautomatic pistol was discovered in the trunk. Police had probable cause to arrest Freeman and his girlfriend after discovery of the drugs in their home. Contemporaneously to a lawful custodial arrest, police may search the passenger compartment of a vehicle; once a gun is found there, probable cause exists to search the entire vehicle, including the trunk. New York v. Belton, 453 U.S. 454, 460 (1981); United States v. Harvey, 16 F.3d 109, 111-12 (6th Cir.), cert. denied, 115 S.Ct. 258 (1994).
 
 
 7
 Freeman also argues that there was insufficient evidence presented at trial to support his conviction on count 1. "Sufficient evidence exists to support a criminal conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could accept the evidence as establishing each essential element of the crime." United States v. Spears, 49 F.3d 1136, 1140 (6th Cir.1995) (citing Jackson v. Virginia, 443 U.S. 307, 324-26 (1979)). We note that Freeman's counsel failed to preserve the issue of sufficiency of the evidence for appellate review by specifically declining to move for a judgment of acquittal under Fed.R.Crim.P. 29. See United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 502 U.S. 1016 (1991). Therefore, the issue will not be considered by this court absent a manifest miscarriage of justice. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). Freeman's claim of insufficient evidence as to his conviction on count 1 fails to meet this standard and, in any event, is meritless.
 
 
 8
 Despite appointed counsel's conclusion to the contrary, however, we conclude that the Supreme Court's decision in Bailey is applicable to Freeman's case and, in the interest of justice, consider whether sufficient evidence supported Freeman's conviction for using or carrying a firearm during a drug trafficking crime.
 
 
 9
 The Supreme Court's recent unanimous opinion in Bailey held that the term "use," as found in § 924(c)(1), "must connote more than mere possession of a firearm by a person who commits a drug offense.... We conclude that the language, context, and history of § 924(c)(1) indicate that the Government must show active employment of the firearm." Bailey, 116 S.Ct. at 506. By requiring the government to show active use to obtain a conviction, the Supreme Court rejected the "proximity and accessibility standard," see id., previously utilized by this circuit and others, see, e.g., United States v. Critton, 43 F.3d 1089, 1096 (6th Cir.), cert. denied, 115 S.Ct. 1987 and 2004 (1995); United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994), and under which Freeman was convicted. Indeed, the Court specifically held that "[p]lacement [of the weapon] for later active use does not constitute 'use.' " Bailey, 116 S.Ct. at 509.
 
 
 10
 In the case at hand, the government concedes that there was no evidence presented showing that Freeman actively used either firearm in relation to his possession with intent to distribute crack cocaine. The Supreme Court reversed Bailey's conviction for "use" of a firearm and remanded the case for consideration of liability under the "carry" prong of the statute as a basis for upholding his conviction. Id. Because the jury instructions given in Freeman's case utilized the broad definition of "use or carry" in effect in this circuit at the time, remand is also appropriate in this case. Rather than retry Freeman under § 924(c)(1), however, the government has agreed to dismiss count 2.
 
 
 11
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment is affirmed as to Freeman's conviction under counts 1 and 3. The judgment is vacated as to count 2 and the case is remanded for dismissal of count 2 and resentencing on the remaining counts. Rule 9(b)(3), Rules of the Sixth Circuit.