94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Wesley GOSS, Defendant-Appellant.
 No. 95-6533.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 
 ORDER
 
 1
 John Wesley Goss appeals his judgment of conviction and sentence. A jury found Goss guilty of aiding and abetting the possession with intent to distribute cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The district court sentenced Goss to 120 months of imprisonment and eight years of supervised release and imposed a $50 special assessment. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On appeal, Goss argues that insufficient evidence exists to support his conviction.
 
 
 3
 Upon review, we conclude that Goss's argument is without merit. The test for determining whether a jury's verdict is based upon sufficient evidence is whether, after the court views the evidence in the light most favorable to the government and draws all reasonable inferences in favor of the government, any rational trier of fact could conclude that each element of the offense has been established beyond a reasonable doubt. United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994). An individual violates 21 U.S.C. § 841 by knowingly or intentionally distributing or possessing with intent to distribute a controlled substance. 18 U.S.C. § 2 provides that an individual who aids or abets the commission of an offense against the United States is punishable as a principal. The testimony of Mark Roberts and Joseph McGhee provides sufficient evidence to conclude that Goss violated these statutes.
 
 
 4
 Accordingly, we affirm the district court's judgment.