ALAN E. NORRIS, Circuit Judge,
dissenting.
Because I find no error in the district court’s determination that defendant is an armed career criminal for the purposes of 18 U.S.C. § 924(e) and U.S.S.G § 4B1.4, I respectfully dissent.
Defendant is an armed career criminal if he has previously been convicted of three serious drug offenses or violent felonies, which themselves were “committed on occasions different from one another.” 18 U.S.C. § 924(e). An offense which is part of a series related offenses will be considered a separate episode, committed on a different occasion from other related offenses, if it “forms a separate unit within the whole” and “is a punctuated occurrence with a limited duration.” United States v. Brady, 988 F.2d 664, 668 (6th Cir.1993) (en banc) (quoting United States v. Hughes, 924 F.2d 1354, 1361 (6th Cir.1991)). The majority contends that the two aggravated robberies of which defendant was convicted in 1991 constituted a single offense for purposes of § 924(e), because there was no “definable endpoint” to the first robbery. In reaching this conclusion, the majority apparently places significant weight on the fact that the defendant stayed behind with the first victim and “never successfully escaped the site of the first crime until the second was complete.”
I do not believe, however, that the question of whether an offense constitutes a separate episode should turn on the fact that defendant was chosen to stay behind in order to facilitate the second robbery. Nor do I believe that actual, successful escape is necessary to separate criminal episodes. In determining whether two offenses constitute separate episodes, the court should ask whether the second offense was committed in an attempt to prevent detection, or to facilitate defendant’s escape from the site of the first crime, and thus was a reasonable extension of the first offense, or whether the second offense was merely the result of defendant’s desire for further illicit gain. Where, as here, defendant has accomplished his objective in the first offense and could have withdrawn without being detected or apprehended, but instead remains at the scene in order to facilitate the pursuit of further criminal objectives, separate criminal episodes have occurred.
Distinguishing between serial offenses which are part of a single criminal episode and those which are separate episodes for purposes of § 924(e) based upon whether the latter offense was a reasonable extension of the former, in that it was committed in order to prevent detection or facilitate escape, is supported by our case law. For instance, in Brady we held that a defendant who committed two robberies within a short period of time committed two separate offenses for the purposes of § 924(e). Brady, 988 F.2d at 668-70. Likewise, in United States v. Wilson, 27 F.3d 1126 (6th Cir.1994), we held that a defendant who sexually assaulted two different women on two different floors of the same house committed two separate offenses. In both Brady and Wilson, the defendants’ *-371 motivation for committing the second crime was entirely independent from the first crime. In contrast, in United States v. Graves, 60 F.3d 1188 (6th Cir.1995), we held that the defendant committed only one offense for the purposes of § 924(e) where the defendant fired shots at a police officer after the officer confronted him as he was leaving the woods near a home he just burglarized. In that case, the defendant’s assault on the officer was motivated by his desire to avoid apprehension for the burglary, and thus the two crimes were rightfully part of a single episode.
Because in this case the second robbery was not a reasonable extension of the first robbery, and was motivated solely by defendant’s desire to pursue further illicit gain, I would affirm the district court’s order sentencing defendant as an armed career criminal.