**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fred Henry GAMBLE, Jr.,
Defendant–Appellant.**

No. 03–5105.

United States Court of Appeals,
Sixth Circuit.

March 17, 2004.

Camille R. McMullen, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Pamela B. Hamrin, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before: KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.*

## ORDER

Fred Henry Gamble, Jr., represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a jury convicted Gamble of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court sentenced him as a career offender under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), to 235 months of imprisonment and five years of supervised release.

On appeal, Gamble argues that: 1) there was insufficient evidence to support his conviction; and 2) the court improperly sentenced him as a career offender because it relied on prior offenses that were related and should have counted as one offense.

Upon review, we conclude that the government presented sufficient evidence to support Gamble's conviction for being a felon in possession of a firearm. A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir. 1998). The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Samuels*, 308 F.3d 662, 666 (6th Cir.2002), *cert.*

denied, 537 U.S. 1225, 123 S.Ct. 1335, 154 L.Ed.2d 1085 (2003). This court draws all available inferences and resolves all issues of credibility in favor of the verdict, and it is not necessary for the court to exclude every reasonable hypothesis but guilt. *United States v. Searan*, 259 F.3d 434, 440 (6th Cir.2001). In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995). In order to obtain a conviction for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the United States was required to prove that: 1) Gamble was convicted of a felony punishable by imprisonment for more than one year; 2) Gamble knowingly possessed the firearm specified in the indictment; and 3) the firearm specified in the indictment traveled in or affected interstate commerce. *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir.1991).

■ A review of the record clearly reflects that the government presented ample evidence to support Gamble's § 922(g) conviction. First, Gamble stipulated that he was a felon. Second, a government witness (Mike Roland) testified that the gun in question had traveled in interstate commerce. Finally, the government presented testimony from six witnesses who established that Gamble had possessed a firearm. Officers Paul French and James Gaylord testified that they responded to an "armed party call" by going to the Five Star Beauty Salon, where they met with Eddie Curry, who had made the complaint. Gaylord testified that Curry informed them that Gamble had been at the salon and that he had threatened Curry. During this discussion, Gamble appeared, ap-

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

proached the officers and Curry, and then Curry identified Gamble as the person involved in the altercation. French testified that he attempted to "pat down" Gamble, and that Gamble jerked away and ran from the scene. Both officers testified that as they chased Gamble, they observed him pull a gun from the small of his back and drop it to the ground. In addition, four other witnesses (Curry, Barbara Swearengen, Mildred Taylor, and Marcus Dowdy) testified that they had observed the gun fall from Gamble's person while he was running from the police. Gamble presented two witnesses (Fred Henry Gamble, Sr., and Garicka Benson) who testified that they had not seen Gamble with a gun on the day in question.

Contrary to Gamble's argument, the testimony from the government witnesses was sufficient to establish that he had knowingly possessed a firearm. Although Gamble argues that the conflicts in the witnesses' testimony establish that they were not trustworthy, this court does not weigh the evidence or assess the credibility of the witnesses. *Jackson,* 55 F.3d at 1225. Furthermore, Gamble has not presented any evidence establishing that the testimony of Swearengen, Taylor, or Dowdy was rendered unreliable merely because they had personal relationships with Curry. The jury was free to accept the government witnesses' testimony as establishing that Gamble had knowingly possessed a firearm. Hence, there was sufficient evidence to support Gamble's conviction.

We also conclude that the district court properly sentenced Gamble under the ACCA. Under the ACCA, if a person who violates § 922(g) has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, that person shall be imprisoned not less than fifteen years. *United States v. Thomas,* 211 F.3d 316, 318–19 (6th Cir.2000). We review de novo a district court's determination that a defendant's prior offenses constitute "a single occasion" or "multiple occasions." *Id.* at 319. District courts may look to whether a defendant had successfully completed one crime before engaging in a second crime in making the determination as to whether prior offenses can be treated as predicate crimes under the ACCA. *Id.* at 319–20. Prior offenses may be counted as separate predicate offenses where a defendant completes one crime at one location, but chooses to continue his criminal activity against a different victim at a new location, even if the offenses occurred within a short period of time on the same night. *See, e.g., United States v. Wilson,* 27 F.3d 1126, 1131 (6th Cir.1994); *United States v. Brady,* 988 F.2d 664, 669 (6th Cir. 1993).

■ The district court properly considered the offenses in question as separate predicate offenses. A review of the presentence report reflects that the offenses each occurred at a separate location in Memphis, Tennessee and against different victims. On June 25, 1989, at approximately 12:30 a.m., Gamble and three accomplices shot four individuals and robbed them at 365 Outer Parkway. At 12:45 a.m., Gamble and his accomplices robbed three juveniles and one adult, and shot two of the victims in the leg at 70 South Parkway. At 1:00 a.m., Gamble and his accomplices beat and shot another individual in the head at 1200 Jackson Avenue. At 1:15 a.m., Gamble and his accomplices drove up next to an individual at the intersection of McLemore and Orleans, ordered him out of his car, and shot him in the leg. Finally, at 3:00 a.m., Gamble and his accomplices shot one man and beat another as they attempted to enter a 7–11 store at

4311 New Allen Road. The record clearly reflects that Gamble successfully completed one crime, left the scene of that particular crime, and then chose to engage in new criminal conduct at separate locations and against separate victims. Thus, the district court properly counted these offenses as separate predicate offenses under the ACCA. *Thomas,* 211 F.3d at 319–20.

Accordingly, we affirm the judgment of conviction and sentence.