UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy T. GRAVES, Defendant–
Appellant.

No. 94–5822.

United States Court of Appeals,
Sixth Circuit.

Argued April 4, 1995.

Decided July 26, 1995.

David G. Dake, Asst. U.S. Atty. (argued), Knoxville, TN, John P. MacCoon, Asst. U.S. Atty. (briefed), Chattanooga, TN, for plaintiff-appellee.

Deirdra J. Brown, Federal Defender Services of Eastern Tennessee, Inc. (argued and briefed), Chattanooga, TN, for defendant-appellant.

Before MERRITT, Chief Judge, SILER, Circuit Judge and EDMUNDS, District Judge.*

EDMUNDS, District Judge.

Defendant Timothy Graves, who pleaded guilty to the charge of felon in possession of a firearm, appeals his sentence of 189 months under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Graves contends that the district court erred when it sentenced him to a minimum of fifteen years as an armed career criminal, based on three prior felony convictions. He alleges that while his criminal record included convictions for three felonies, two of the felonies were part of a single criminal episode and should have been deemed to constitute only one predicate offense under section 924(e). Graves further contends that the district court erred when it raised the floor of the guideline range to

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

meet the fifteen year minimum. For the reasons set forth below, we hold that under these particular circumstances, a burglary and an assault that were committed at the same location, just minutes apart, constitute a single criminal episode. We therefore remand for resentencing.

## I. Facts

Defendant's guilty plea to the charge of felon in possession arose from events that occurred in July of 1992. On the morning of July 7, 1992, Defendant got into a stolen car driven by Anthony Middlebrook. The two men stopped at a Pilot Oil Station in Knoxville, Tennessee, where Middlebrook went inside the store. A short time later, Middlebrook returned to the car carrying a nickel plated revolver and cash.

Later the same day, the police received a call regarding a possible intoxicated driver leaving a convenience store in Decatur, Tennessee. The police spotted Defendant and Middlebrook leaving the store and driving in an erratic manner. The officers attempted to stop the car, but the car sped away. After a high speed chase, the police stopped the car and arrested Defendant and Middlebrook. The officers found a loaded .357 Magnum revolver on the car floor. As a result, Defendant and Middlebrook were charged in a one count indictment with the crime of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Defendant pleaded guilty.

The indictment gave notice that the government sought a fifteen year mandatory minimum sentence under the Armed Career Criminal statute, 18 U.S.C. § 924(e), based on Defendant's prior convictions for the following three felonies: 1) burglary conviction June 11, 1985; 2) assault conviction June 11, 1985; and 3) daytime housebreaking conviction November 14, 1985.

Defendant concedes that his conviction for daytime housebreaking constitutes one predicate offense under section 924(e). However, he argues that his June 11, 1985, convictions

for burglary and assault do not constitute two separate predicate offenses under the statute.[1] He argues that these convictions arose from a single episode and thus should constitute a single predicate offense. Therefore, Defendant claims that he has only two prior felony convictions, not three, and that he does not qualify as a career criminal under the statute.

The facts underlying Defendant's convictions for burglary and assault in June of 1985 are set forth in the transcript of Defendant's guilty plea for these offenses. On January 9, 1985, police officers in Howard County, Maryland, responded to a complaint of a suspicious car occupied by three young black males. The complainant, Patricia Davis, told police that when she arrived home from work she was approached by two black men coming down her driveway. The men asked her directions, spoke among themselves for a moment, then ran toward a car parked at the end of her driveway and drove away. The car was a dark brown Pontiac LeMans, and Davis saw it drive toward the Clarksville Ridge neighborhood. The police suspected that a breaking and entering was in progress and began to search for the men.

Police spotted a dark brown Pontiac Le-Mans, stopped the car, and questioned its driver, Eugene Owens. Owens claimed that he was job hunting in the area. With Owens' consent, the officers searched the car and found numerous coats and hats, two homemade ski masks, a section of a woman's nylon stocking, a rifle, bullets, and an M–16 cartridge clip.

Other officers had been summoned to the area where police detained Owens. These officers discovered Darnell Williams walking out of a driveway on 7079 Route 32, the home of James and Linda Shaw. Officers found rubber gloves and a video tape in Williams' pocket and arrested him.

Within minutes after the arrest of Williams, officers spotted Defendant Graves walking out of the woods near the Shaw

---

1. Defendant concedes that his Criminal History Category is category VI, whether or not he is classified as a career criminal. Under the Sentencing Guidelines, without the enhancement under 18 U.S.C. § 924(e), Defendant appears to have a total offense level of 21; his guideline range without the enhancement would therefore be 77–96 months. See Appendix at 29.

home. Graves waved the officers toward him and said something unintelligible. The officers directed Graves to come to them instead. Graves turned and fled back into the woods.

The officers pursued Graves, and one officer called to Graves, telling him to halt. Graves then stopped, turned, pointed a gun at the officer, and fled again. The officer fired three shots, shooting Graves in the left buttocks. The officers subsequently found Graves in the woods and arrested him. In the woods, the officers also found various items stolen from the Shaws, including guns, a television, a VCR, cash, jewelry, radios, and cameras. Graves was charged and pleaded guilty to two counts, burglary and assault, in connection with the January 1985 incident.

Defendant objected to the application of the Armed Career Criminal Act, but the district court found that Defendant's three prior felonies constituted separate felonies under section 924(e). The court reasoned that defendant committed separate offenses at different times upon different victims, and that Defendant had successfully completed the burglary and stashed the goods in the woods before he pointed the gun at the officer. Thus, the district court held that the burglary of the Shaw home and the assault upon the police officer constituted two distinct qualifying felonies.

The plea agreement provided that Defendant would be sentenced to the lower one third of the applicable range. If the enhancement for armed career criminal is applied to Defendant, the total offense level is 30, and the guideline range is 168–210 months. U.S.S.G. § 4B1.4; see Appendix at 29–30. Thus, under these terms, Defendant would be subject to a maximum sentence of only 182 months. However, because the Armed Career Criminal Act provides for a minimum sentence of 180 months, the district court adjusted the guideline range to 180 to 210 months. The court then sentenced Defendant to 189 months, a sentence within the lower one third of the adjusted guideline range. Defendant also contends that the court erred when it adjusted the guideline range, arguing that the court misapplied sentencing guideline section 5G1.1.

## II. Standard of Review

▮ This court reviews questions of law de novo, *Weimer v. Kurz–Kasch, Inc.,* 773 F.2d 669 (6th Cir.1985), and questions of fact under the clearly erroneous standard. *Loudermill v. Cleveland Bd. of Education,* 844 F.2d 304 (6th Cir.), *cert. denied,* 488 U.S. 941, 109 S.Ct. 363, 102 L.Ed.2d 353 and 488 U.S. 946, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988). In this case, the key facts are not in dispute, as they are set forth in the record of Defendant's 1985 guilty plea. Whether the circumstances constitute one or two predicate offenses under the Armed Career Criminal Act is a legal issue, subject to de novo review.

## III. Analysis

The Armed Career Criminal Act imposes a mandatory minimum sentence of fifteen years on career criminals. The statute provides:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another,* such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

18 U.S.C. § 924(e) (emphasis added).

▮ The statute defines career criminals as those people who have committed three predicate violent felonies "on occasions different from one another." This circuit has further explained that a career offender is one convicted of three criminal "episodes." "An episode is an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *United States v. Hughes,* 924 F.2d 1354, 1361 (6th Cir.1991).

By enacting this statute, Congress intended to target recidivists. *Id.* at 1361.

These are people who have demonstrated, by virtue of their definition, that locking them up and letting them go doesn't do any good. They go on again, you lock

them up, you let them go, it doesn't do any good, they are back for a third time. At that juncture, we should say, "That's it; time out; it is all over. We, as responsible people, will never give you the opportunity to do this again."

*United States v. Brady,* 988 F.2d 664, 672 (6th Cir.) (Jones, J., dissenting) (quoting *Armed Career Criminal Act: Hearing before the Subcomm. on Crime of the House Comm. on the Judiciary,* 98th Cong., 2d Sess. 47, 64 (1984) (testimony of Assistant Attorney General Stephen S. Trott), *cert. denied,* —— U.S. ——, 114 S.Ct. 166, 126 L.Ed.2d 126 (1993).

Congress added the phrase "on occasions different from one another" in a 1988 amendment in order to clarify the statute. "[A] single multi-count conviction could still qualify where the counts related to crimes committed on different occasions, but a robbery of multiple victims simultaneously (as in *Petty* ) would count as only one conviction." *Id.* at 673 (citing 134 Cong.Rec. 13, 782–83 (1988)). In *United States v. Petty,* 798 F.2d 1157 (8th Cir.1986), the Eighth Circuit affirmed an enhanced sentence based on the defendant's conviction of six counts of armed robbery. The defendant robbed six victims simultaneously in a restaurant. The Supreme Court vacated and remanded, suggesting that the circuit reconsider in light of the Solicitor General's brief which argued that sentence enhancement should be given based on multiple prior criminal episodes, not a multiple conviction arising from one episode. 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987). The Eighth Circuit subsequently reversed its prior decision. 828 F.2d 2 (8th Cir.1987), *cert. denied,* 486 U.S. 1057, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988).

In a recent en banc decision in *United States v. Brady,* this circuit dealt with the issue of whether two crimes should be counted as one or two predicate offenses under section 924(e). 988 F.2d 664 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 166, 126 L.Ed.2d 126 (1993). In that case, Brady and an accomplice robbed several women at a

beauty shop. Thirty minutes later, they robbed the patrons of a bar and shot a woman in the leg.

In determining whether the two crimes constituted one or two predicate acts under the statute, the court considered whether the crimes were committed against the same victims, whether the crimes were close in location, and whether the crimes were close in time. *Brady,* 988 F.2d at 668. The court noted that while mere proximity in time does not make two crimes a single criminal episode, *Brady,* 988 F.2d at 668, crimes that occur simultaneously count as only one predicate offense. *Id.* at 668, n. 5[2] The court also considered whether or not the defendant safely escaped from one crime scene before he committed the second crime. *Id.* The *Brady* court held that two armed robberies of different victims, at different locations, committed thirty minutes apart, constituted two separate and distinct predicate felonies. "[W]hile defendant Brady sat at the Club Continental bar with his concealed shotgun, he could have decided that the one robbery he had committed was enough for the evening. Instead, he decided to rob again. . . ." *Id.* at 669.

The *Brady* court analogized the facts of that case to the facts in *United States v. Schieman,* 894 F.2d 909, 913 (7th Cir.), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990). In *Schieman,* the defendant robbed a store and safely escaped. A few minutes later, a police officer saw the defendant three blocks away at a pay phone. When the officer approached the defendant, the defendant pushed the officer down. The court held that the burglary and the assault were two different predicate acts for purposes of the Armed Career Criminal Act. The court concluded:

Once the original crime is complete, there is no principled way to distinguish between an attack in response to an investigation commenced within ten minutes of the burglary and an attack in response to an investigation commenced a day after

---

**2.** Section 924(e) does not require that a defendant be convicted of one qualifying crime before he commits the next qualifying crime in order for the second conviction to be counted against him

under the Act. *Brady,* 988 F.2d at 667; *United States v. Hayes,* 951 F.2d 707, 709 (6th Cir.1991), *cert. denied,* 503 U.S. 994, 112 S.Ct. 1694, 118 L.Ed.2d 406 (1992).

the burglary. To make a distinction in this situation would grant the criminal an unintended windfall for the quick detection of his crime. This we decline to do.

*Id.* at 913.

The Eleventh Circuit dealt with the issue of predicate offenses under section 924(e) in *United States v. Sweeting,* 933 F.2d 962 (11th Cir.1991). In *Sweeting* the defendant was burglarizing a home when the police approached. The defendant fled to another home and hid in a closet. As a result, the defendant was convicted of three different felonies. However, the Eleventh Circuit held that while the defendant was guilty of three separate punishable acts, he only engaged in one criminal episode for purposes of the Armed Career Criminal Act. Thus, he was not a career criminal under the act.

■ The facts of this case are closer to those of *Sweeting* than to *Brady* or *Schieman.* In *Brady* and in *Schieman,* the distinction between two different criminal episodes is easily drawn because the defendants committed the felonies at different locations. In *Brady,* the defendant committed one crime in a beauty salon and the other crime in a bar thirty minutes later. In *Schieman,* the defendant committed one crime and then three blocks away committed the other crime. Here, Defendant Graves was still at the location of the burglary when he was chased by the police and pointed the gun at the officer. This case is more closely analogous to *Petty* where the defendant simultaneously robbed multiple victims and to *Sweeting* where the defendant fled from police immediately following a burglary and hid in a nearby home.

The government and Defendant interpret the facts of this case differently. Defendant claims that the burglary was still in progress when he was confronted by the police, fled, and pointed the gun at the officer. The government argues that Graves had safely completed the burglary and had stashed the loot in the woods before he committed the assault. Thus, the government argues that under *Schieman,* the two crimes are separate for the purpose of the statute.

The facts set forth in the 1985 transcript do not provide information which would resolve this dispute. Even so, we find that it is not necessary to speculate whether the burglary was successfully completed before Defendant committed the assault. It is clear that Defendant had not yet left the location of the burglary when he was confronted by the officers. Defendant's assault upon the officer at the same location and within moments of the burglary, leads us to conclude that the assault was part of the same criminal episode. Under the language of the statute, the assault and burglary were not committed on "occasions different from one another" and cannot be considered two separate predicate offenses.

The policy behind the Armed Career Criminal Act supports this result. Congress intended the statute to punish recidivism, to punish career criminals who had committed three felonies on separate occasions. It should not be necessary to reach to apply this statute; instead, the statute should be applied where the facts demand its application. This is not such a case.

Because we find that Defendant does not qualify as an armed career criminal under section 924(e), the fifteen year minimum sentence does not apply and we remand for resentencing. As a result, Defendant's second ground for appeal, his claim that the district court misapplied guideline 5G1.1 by raising the floor of the guideline range, is moot.

## IV. Conclusion

Accordingly, the district court erred in applying the Armed Career Criminal Act, 18 U.S.C. § 924(e), in sentencing Defendant. For the foregoing reasons, we hereby remand for resentencing.