**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0878n.06
Filed: December 5, 2006

No. 06-5132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee,*

　　　　v.

FENIS EWIN HILL,
　　　*Defendant-Appellant.*

On Appeal from the
United States District Court for
the Western District of Tennessee

_____

Before: KENNEDY, COLE and COOK, Circuit Judges

**KENNEDY, J.** Fenis Ewin Hill (hereinafter "defendant") seeks review of his sentence, asserting that (1) the district court erred in classifying him as an armed career criminal pursuant to § 4B1.4 of the Sentencing Guidelines, and (2) the sentence was not "reasonable" within the meaning of *United States v. Booker*. We find that defendant's objection to his characterization as an armed career criminal is not properly before this court for disposition, and the sentence prescribed was reasonable in view of the district court's consideration of the purposes of punishment declared in § 3553(a)(2). Thus, we affirm the district court.

**BACKGROUND**

On July 27, 2003, defendant threatened Brocknie Bray with a firearm and attempted to abduct her. Defendant pled guilty on May 12, 2004, to charges of Attempted Especially Aggravated Kidnapping and Aggravated Assault. The district court sentenced him to sixteen years for those

offenses. On May 26, 2004, defendant pled guilty to the offense of being a convicted felon in possession of a firearm shipped in interstate commerce in violation of 18 U.S.C. § 922(g)(1). The prescribed range for this offense is 21 to 27 months. However, because the district court found that defendant had four previous "violent felony" convictions, it categorized him as an armed career criminal subject to a minimum of fifteen-years imprisonment pursuant to 18 U.S.C. § 924(e). As such, the Guidelines range applicable to defendant was 188 to 235 months. The district court sentenced defendant to 222-months imprisonment, three-years supervised release, participation in a mental health and sex offender treatment program, and drug and alcohol abuse testing and treatment.

Defendant filed a timely appeal, in which he asserted that the district court (1) overstepped its authority when it determined whether his past convictions constituted "violent felonies" for the purposes of 18 U.S.C. § 924(e); (2) double-counted substantially related episodes as separate violent offenses and wrongly characterized one of his past convictions as violent; (3) miscalculated his offense level and criminal history score; and (4) imposed improper conditions regarding his supervised release. This court affirmed the district court's classification of the defendant as an "armed career criminal" but vacated the sentence and remanded the case for resentencing in light of the Supreme Court's intervening disposition of *United States v. Booker*, 543 U.S. 220 (2005). On December 6, 2005, the district court held the resentencing hearing, where it reinstated the previous sentence,[1] stating that it was appropriate even though the Guidelines had been made advisory.

---

[1]The district judge did readjust the sentence to 221-months imprisonment in response to counsel's indication that defendant was entitled to fourteen-months' credit at the time of the sentence, rather than thirteen-months as previously calculated.

Defendant argues on appeal that his resentencing did not comport with the post-*Booker* sentencing regime because the district court failed to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes [of punishment]," as required by 18 U.S.C. § 3553(a). Defendant also preserves his objection as to the authority of the district court to assess sentencing enhancements. However, his counsel has acknowledged that case law in this circuit currently forecloses his argument regarding the validity of the enhancement, and this court rejected this very argument in defendant's previous appeal. *United States v. Hill*, 150 F. App'x 416, 419 (6th Cir. 2005) (unpublished); *see United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006); *see also United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). As no further explanation of our rejection of this argument is necessary, we will devote our discussion to reviewing the reasonableness of the sentence.

## ANALYSIS

Defendant asserts that the sentence imposed is unreasonable because the district court failed to comply with 18 U.S.C. § 3553(a), as interpreted in *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), requiring that "a sentence [be] sufficient, but not greater than necessary, to comply with the purposes" of sentencing. Following *United States v. Booker*, courts must examine the sentencing goals expressed in § 3553(a) in addition to the Guidelines themselves when sentencing defendants. *Booker*, 543 U.S. at 259-60. Section 3553(a) instructs the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph (2) requires that the court consider:

> the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In *United States v. Williams*, this court emphasized its refusal to interpret *Booker* to require sentencing courts to engage in a "ritualistic incantation" of the statutory factors to avoid remand or reversal. 436 F.3d 706, 709 (6th Cir. 2006). However, defendant correctly notes that, in *United States v. Foreman*, the court explained that "*Williams* does not mean that a sentence within the Guidelines is reasonable if there is no evidence that the district court followed its statutory mandate to 'impose a sentence sufficient, but not greater than necessary' to comply with the purposes of sentencing in section 3553(a)(2)." *United States v. Foreman*, 436 F.3d at 644. Ultimately, this court is tasked with ensuring that the district court has articulated its consideration of § 3553(a) to an extent that preserves our ability to review the sentence for reasonableness. *United States v. McBride*, 434 F.3d 470, 478 (6th Cir. 2006).

Here, the transcripts of the district court's proceedings, both from the initial sentencing hearing and the resentencing hearing, reveal that the judge carefully considered the purposes of punishment articulated in § 3553(a)(2) when determining defendant's sentence. At the initial sentencing, on September 14, 2004, the district court articulated its concern with the seriousness of defendant's criminal conduct, explaining to defendant, "You're being sentenced to this sentence because you possessed a gun after this long, violent history of felonies." *See* § 3553(a)(2)(A). Although the district court considered the gravity of these offenses, when viewed in isolation, to warrant a longer term of imprisonment, the court noted the age of the defendant, ultimately determining that a shorter sentence would provide adequate deterrence because it would "effectively

4

take [him] out of the criminal business until [he would be], hopefully, too old to continue these violent felonies." *See* § 3553(a)(2)(C).

While the district court expressed hope that the defendant would survive beyond the term of his sentence and return to the community after its service, it explained that the defendant "[would have] to control [his] actions better than [he had] done in the past." *See* § 3553(a)(2)(B). The court provided conditions of supervised release that would afford the defendant correctional treatment tailored to his needs, mandating participation in drug and alcohol testing and treatment and mental health and sex offender treatment, in addition to recommending that defendant take advantage of anger management courses and sex offender courses available in prison. *See* § 3553(a)(2)(D).

At the resentencing hearing, the district court was similarly conscientious in ensuring that it "impose[d] a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) [of § 3553(a)]." When determining the appropriate punishment, the court reflected upon the violent, sexual nature of the convictions, expressing a concern that "sexual predators don't generally cure themselves or get cured" and subsequently concluding that, "given the length of this sentence and the nature of [the] convictions, it's clear that prison is the only option that is available." *See* § 3553(a)(2)(A), (B). The resentencing court carried out the mandate of § 3553(a) when it contemplated "what message [to] send to other people in our community who want to possess firearms after they are convicted of felonies," thus indicating consideration of the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence against commission of such offenses. *See* § 3553(a)(2)(A), (B). Referring to defendant's sentence specifically, the district court proclaimed that "[the defendant was] exactly what Congress had in mind when the armed career criminal provision was passed" and that "[p]eople

who have long, violent histories get punished worse for possessing guns than those who don't," suggesting that the court considered the propriety of the punishment and concluded that it was just. *See* § 3553(a)(2)(A). As defendant's sentencing and resentencing reflect careful consideration of the purposes of punishment expressed in § 3553(a)(2), we are not willing to say that the sentence the district court prescribed was unreasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

6