COOK, Circuit Judge,
dissenting.
In reversing the district court’s application of the ACCA enhancement, the majority disregards key features of our precedents and the district court’s findings of fact. I respectfully dissent.
The majority’s restatement of the ACCA standard and the Hill considerations gets it mostly right. True, we define “criminal episode” in this context as “a punctuated occurrence with a limited duration.” United States v. Brady, 988 F.2d 664, 668 (6th Cir.1993) (en banc) (citation omitted). And Hill distilled “three indicia” from our case-law “that offenses are separate from each other”: (1) distinctive beginning and end to each offense, (2) opportunity to cease conduct after the first, and (3) separate locations. United States v. Hill, 440 F.3d 292, 297-98 (6th Cir.2006).[2]
Yet, in viewing two pre-Hill decisions, Thomas and Graves, as incompatible with the Hill approach, the majority elides Hill’s treatment of those cases. See Hill, 440 F.3d at 297 (explaining that Graves and Thomas involved criminal conduct of a continuing nature). The court likewise eschews our en banc holding in Brady that “offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal [ACCA] episodes.” Brady, 988 F.2d at 669 (emphasis added). And United States v. Wilson—a precedent predating both Thomas (2000) and Graves (1995) — receives hardly a mention. See 27 F.3d 1126, 1131 (6th Cir.1994) (concluding that sexual assaults committed on the same evening in the same house constituted separate ACCA-qualifying crimes, explaining under Brady that the *472 “[d]efendant could have halted his criminal rampage at any time,” but “he chose to continue selecting different victims in separate places”). In the absence of new legislation or an intervening decision by the Supreme Court or the en banc court, the majority should adhere to the existing precedents.
Both Brady and Wilson — emphasizing the different times, places, and victims of their criminal episodes — justify the ACCA enhancement here. As the majority concedes, Mann’s post-arrest assault occurred after the bar fight, in a different location (exiting the police vehicle), and injured a different victim (the officer). Our decisions in Thomas and Graves, the majority’s strongest counter-authority, preserve these principles. Whereas the Brady and Wilson crimes had “definable endpoint[s],” the defendants in Thomas committed a continuing crime by “asserting] dominion and control over both women ... throughout the duration of [the abduction and sexual assaults].” United States v. Thomas, 211 F.3d 316, 321 (6th Cir.2000). Similarly, the assault occurring during officers’ hot pursuit of a burglar in Graves could not be separated from the robbery they interrupted; one crime (burglary) flowed into the next (fleeing, assaulting officer). United States v. Graves, 60 F.3d 1183, 1187 (6th Cir.1995) (“Defendant’s assault upon the officer at the same location and within moments of the burglary, leads us to conclude that the assault was part of the same criminal episode.”). Apparently dissatisfied with Hill’s attempt to reconcile Thomas and Graves with the Brady/Wilson line of cases, the majority elects to follow the later cases, contrary to our standard practice. E.g., 6 Cir. R. 32.1(b) (“Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.”); Rutherford v. Columbia Gas, 575 F.3d 616, 619 (6th Cir.2009) (same).
Compounding the error, the court substitutes its factual findings for those of the district court. See United States v. Martin, 526 F.3d 926, 938 (6th Cir.2008) (reviewing for clear error the district court’s factual determinations bearing on whether “prior convictions are distinct criminal episodes”).[3] After reviewing the PSR and Mann’s ACCA objection, the district court found:
Mr. Mann’s battery against the first victim was the subject of the assault with the knife, was clearly completed at the time he kicked the police officer. He’d already been arrested and placed in the police cruiser, and he certainly could have ceased his criminal conduct after the first offense.
The fight was over, essentially, at that point, but he initiated the further violence against the police officer. And under the factors that I’ve outlined that are reflected in United States v. Hill, the facts of this case would certainly indicate that those would be two separate offenses.
*473 (R. 31, Sent’g Tr. at 11.) Not so, according to the majority, whose review of the cold record leads it to find different facts: (a) “Mann committed his second offense immediately after his arrest,” (b) while “under the influence,” and (c) while “clearly still upset” from the initial encounter, necessitating the conclusion that “[Mann] had not calmly submitted to the officer’s authority and was still under the influence of the emotions of the underlying event and ... alcohol.” Notably, the immediacy and drunkenness findings so important to the majority’s reasoning appear nowhere in Mann’s appellate briefing.
In the end, the most troubling aspect of the majority’s decision is the vague standard it employs to review ACCA enhancements. While ostensibly conceding that Mann’s conduct satisfies all of the Hill factors, see majority at 468 (explaining that this “cannot in itself be enough”), the court nevertheless invokes “the totality of the circumstances” to reverse the district court’s “understandable” application of the ACCA enhancement, id. at 470. By telling district courts that we may reverse ACCA enhancements even when all of the factors support it, we undermine Hill’s synthesis of our ACCA caselaw.
In my view, the district court correctly applied the ACCA enhancement, and the Eighth Amendment permits the statutorily authorized 15-year sentence. See United States v. Moore, 643 F.3d 451, 455 (6th Cir.2011) (“[A] sentence within the statutory maximum ... generally does not constitute cruel and unusual punishment.” (brackets and internal quotation marks omitted)); United States v. Hopper, 941 F.2d 419, 422 (6th Cir.1991) (applying the “narrow proportionality principle” articulated by Justice Kennedy’s concurring opinion in Harmelin v. Michigan, 501 U.S. 957, 996-97, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). Although Mann’s current conviction — possessing a hunting rifle on his land — seems rather modest, the district court properly counted Mann’s prior convictions for gross sexual imposition and aggravated assault, aggravated battery, and battery of an officer in applying the armed-career-criminal enhancement. I respectfully dissent.

. Our recent decision in United States v. Jones arguably expanded the reach of the Hill factors, delimiting that "[o]ffenses are separate if they meet any of these three tests.” 673 F.3d 497, 503 (6th Cir.2012). But the only case cited for this proposition, United States v. Paige, 634 F.3d 871, 873 (6th Cir.2011), avoids such a broad reading. In light of Jones’s holistic treatment of the Hill factors, see 673 F.3d at 504 (finding that the conduct qualified as separate offenses under each of the Hill factors), Hill guides me to treat the factors only as helpful "indicia.”

. At first blush, Martin appears to stand alone in our jurisprudence in its deferential review of the district court’s separate-criminal-episode findings under ACCA. Cf. Jones, 673 F.3d at 503 (de novo review); Hill, 440 F.3d at 295 (same); United States v. Murphy, 107 F.3d 1199, 1208 (6th Cir.1997) (same, referring to the ACCA issue as a "legal question concerning the interpretation of a statute”). Yet, the first of these de novo cases, Graves, qualified its review of the ACCA issue with the caveat that "the key facts are not in dispute.” Graves, 60 F.3d at 1185. To me, Martin got it right: the clear-error standard applies to factual disputes in this sentencing context, as in others, and appellate judges ought not substitute their findings of fact for those of the district court. See, e.g., 18 U.S.C. § 3742(e); United States v. Stubblefield, 682 F.3d 502, 510 (6th Cir.2012).